Pughsley, next friend, *vs.* Pughsley. Tarver & Company *et al.*

firm of Anderson & Fuller, which it appears he had been, then he cannot recover from Anderson.

Judgment reversed.

---

PUGHSLEY, next friend, *vs.* PUGHSLEY. TARVER & COM-PANY *et al.*

| 75 | 95 |
|----|----|
| 99 | 450 |
| 75 | 95 |
| 106 | 669 |
| 75 | 95 |
| a111 | 292 |
| 75 | 95 |
| 117 | 338 |
| 75 | 95 |
| 121 | 632 |
| 75 | 95 |
| 123 | 292 |

Where land was conveyed in fee simple to a woman and her children, this was not a trust estate, and the chancellor could not, upon application by the woman, for herself and minor children, and upon the appointment of a guardian *ad litem*, pass an order at chambers authorizing the sale of the land and re-investment of the fund; and where the children sought to follow and claim certain funds as the proceeds of such sale, and as being trust funds, there was no error in rejecting from evidence the application and the order for the sale and re-investment and parol testimony as to what was done with the money. The decree in vacation ordering the sale was void, and the title of the children was not divested thereby.

January 12, 1886.

Trusts and Trustees. Title. Sales. Jurisdiction. Evidence. Before Judge CARSWELL. Emanuel Superior Court. April Term, 1885.

To the report contained in the decision, it is necessary to add only that the deed, on the construction of which the decision rested, was from John Mobley, Sr., to Mary Pughsley and her children. The recited consideration was $1,000 and the love and affection which the grantor had for his daughter, the said Mary. The *habendum* clause was "to said Mary Pughsley and her children and assigns, together with all and singular the rights, members and appurtenances to the same in any manner belonging, to her own proper use, benefit and behoof forever in fee simple." Upon petition at chambers, after appointing a guardian *ad litem* for the children, an order for the sale and re-investment of this land was granted.

TWIGGS & VERDERY, for plaintiff in error.

T. H. POTTER; HINES & ROGERS; J. J. JONES; LIVING-
STON & HERRINGTON; CAIN & POLHILL, for defendants.

BLANDFORD, Justice.

On 16th day of July, 1869, John Mobley, Sr., conveyed
by deed to his daughter, Mary E. Pughsley, and her chil-
dren, a certain tract of land in Tattnall county in fee sim-
ple. Mary E. Pughsley, for herself and minor children, ap-
plied to the judge of the superior courts of the Middle
Circuit for an order to sell the land set out in the foregoing
deed. Jacob P. Pughsley, the husband of Mary and the
father of her children, was appointed by the chancellor
guardian *ad litem* for the children. The chancellor, at
chambers, granted an order authorizing the sale of the land
by Mary E. and Jacob P. Pughsley to be re-invested as
they thought best. It was shown by Jacob P. Pughsley
that he sold the land under the order granted by the chan-
cellor for $3,750.00, and he invested the same in a turpen-
tine business, which was carried on by Pughsley & Field;
that he afterwards withdrew $2,000 of the money of the
children, and re-invested the same in a turpentine and
mercantile business by Pughsley, Tarver & Company and
J. J. Rountree & Company; that these firms and each
member knew that the money belonged to the complain-
ants, the children. The property of these firms having
been sold out, the money was in the hands of a receiver,
and the defendants in error, as creditors of these firms,
claimed to be paid out of these funds, while complainants
claim that two thousand dollars of this fund are trust funds.
The court ruled out the evidence consisting of the appli-
cation to the chancellor and his order authorizing the sale of
the land and re-investment of the money, made in vacation,
and the testimony of Pughsley as to what he did with the
money, deciding that the land ordered to be sold was not
a trust estate, and that, for this reason, the decree of the
chancellor in vacation was void, and the title to the land as

to the children was not divested thereby. This is the main ground of error assigned here. The decision of the court below is the law of this case. This is not an open question in this court, but was decided at the present term in case of *Rogers et al. vs. Pace et al.*, and this decision settles and controls this case.

Judgment affirmed.